UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

Robert C. Gard )
 )
    Plaintiff, )
v. ) Case No.:    1:11CV061 TLS
 )
P&B Trucking, Inc. )
 )
    Defendant. )
 )

## COMPLAINT

Plaintiff, Robert C. Gard ("Gard"), by counsel, for his Complaint against Defendant P&B Trucking, Inc. (hereinafter "P&B"), alleges the following:

### I. INTRODUCTION

1. This is an action brought by Gard against P&B for wrongful termination of employment. Gard worked for P&B as the Director of Information and Technology. Gard was hired in November 2007 and was terminated on January 4, 2010. Gard's work record was above average and his performance evaluations were excellent. In August 2008, Gard sustained a broken hip during the course of his employment with P&B. Gard received wages between August 2008 and April 2009. In April 2009, he was released to return to work. Gard sought reimbursement for his injuries and ultimately had to file suit against P&B because they refused to adequately compensate him for the injury he sustained on the property of P&B after a business meeting. Gard continued his employment with P&B while litigation for his broke hip remained pending. Subsequently, in December 2009, Gard discovered he had colon cancer which required surgery. Gard promptly reported his condition to P&B and requested short term disability leave and other considerations. Initially, P&B said it would accommodate Gard and pay for all medical costs. However, on January 4, 2010, two days before Gard's surgery, P&B called Gard into the office and terminated Gard's employment. Gard was told that he was too old to perform the information technology job and that P&B did not want their insurance costs to increase due to the medical treatment needed for Gard's cancer. Gard had multiple physical impairments, including cancer and broken hip and is a "disabled person" under the terms of the Americans with Disabilities Act ("ADA"). In addition, at all times relevant herein, P&B perceived that

Gard was a disabled person under the ADA and under the Rehabilitation Act of 1973. Gard made multiple requests for accommodation of his disabilities, which were ignored. Gard was terminated only a couple of weeks after P&B essentially ignored his last request for a reasonable accommodation.

After his termination, P&B contested Gard's award of unemployment benefits and appealed the Department of Workforce Development Unemployment Insurance's award. On appeal, the Administrative Law Judge ("ALJ") affirmed the award of unemployment benefits and found that P&B was unable to present any evidence supporting its termination of Gard for good cause. (A copy of this decision is attached hereto as Exhibit "A".) Additionally, the Equal Employment Opportunity Commission ("EEOC") conducted an investigation into P&B's conduct. On November 30, 2010, Gard received a right to sue letter. (A copy of the EEOC Right to Sue letter is attached hereto as Exhibit "B".)

PARAGRAPH #3 OF PLEADING PARA 1 STRICKEN BY MJ ROGER B. COSBEY DURING 4/29/11 PPTC (SEE DE 14)

## II. PARTIES

2. Gard was a citizen and resident of Bluffton, Indiana at the time his claims arose and presently maintains a residence in Fort Wayne, Indiana.

3. P&B is a corporation incorporated in the State of Indiana which does business in the State of Indiana and has its principle place of business in Decatur, Indiana.

## III. JURISDICTION AND VENUE

4. Jurisdiction is proper in this judicial district because Gard alleges violations of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C.A. § 794. This Court also has authority to exercise supplemental jurisdiction, pursuant to 28 U.S.C.A. § 1367(a), to adjudicate state claims arising out of the common nucleus of operative facts that give rise to Gard's federal claims.

5. Venue is proper in this judicial district pursuant to 28 U.S.C.A. § 1391(b). A substantial part of the events or omissions giving rise to Gard's claims occurred within the jurisdiction of the United States District Court for the Northern District of Indiana.

6. Gard has complied with all administrative, jurisdictional and legal prerequisites to the filing of this action. Gard has filed a charge of discrimination with the EEOC alleging disability discrimination and unlawful retaliation, and has received notice of his right to sue which has been attached as Exhibit "B".

## IV. FACTS

7. Gard hereby incorporates Paragraphs 1 through 6 as though fully alleged herein.

8. Gard was employed by P&B as the Director of Information Technology from May 5, 2008 until his termination on January 4, 2010. Until his broken hip injury and diagnosis of cancer, Gard received consistently excellent performance evaluations.

9. In August 2008, Gard broke his hip after sustaining a fall after a business meeting on P&B's property. P&B promised to pay Gard's related medical expenses, but failed to do so. Gard filed suit against P&B to recover adequate compensation for the injuries he sustained on P&B's property.

10. In the meantime, Gard returned to work at P&B and performed his work in an excellent manner. Gard had excused absences, primarily due to doctor appointments. However, Gard was able to stay current with his job tasks and was able to perform work from home since his job tasks could be performed via remote access.

11. In December, 2009, Gard was diagnosed with colon cancer.

12. On or about December 15, 2009, Gard informed his supervisors and the owners of P&B, Pam and Bob Knous of the diagnosis.

13. Gard requested reasonable accommodation and short-term disability leave because his colon cancer required treatment, including surgery.

14. Gard continued to work leading up to the surgery for his cancer. However, Gard did have excused absences primarily due to doctor appointments, and disability-related sickness.

15.  The combination of Gard's permanent hip injury which requires the constant use of a walking cane and the colon cancer, resulted in a somewhat unpredictable work schedule, but Gard performed all work as assigned and assisted in the advancement of the company from a base of 1 million dollars annually to close to 4.4 million dollars annually.

16.  After Gard had informed P&B of his diagnosis of colon cancer and his need for reasonable accommodation, P&B assured him he would be accommodated.

17.  Subsequently, on January 4, 2010, P&B called Gard into the office and informed him that he was being terminated. Gard maintains that the owner, Pam Knouse, informed Gard that he was no longer able to perform his job adequately, that he was too old, and that Gard's medical condition(s) would increase the premiums of P&B's insurance policy. Gard was held against his will in the office of P&B, and was advised that he could not leave until he signed a notarized termination agreement. When Gard refused to sign the agreement and attempted to leave the office he was stopped at the door and told to sit back down.

18.  Gard was terminated two days before his cancer surgery.

19.  P&B canceled Gard's medical insurance and without income or unemployment benefits that P&B continued to contest, Gard was unable to afford COBRA.



PARAGRAPH PLEADING PARA 20 AND 21 1 STRICKEN BY MJ ROGER B. COSBEY DURING 4/29/11 PPTC (SEE DE 14)

22.  Around September 2010, Gard was found to be disabled as defined by the Social Security Disability Act and awarded disability benefits because of his multiple physical impairments. Gard continues to receive Social Security Disability benefits.

## V. STATEMENT OF CLAIMS

### COUNT I — Disability Discrimination in Violation of the ADA and the Federal Rehabilitation Act

23. Gard hereby incorporates Paragraphs 1 through 22 as though fully alleged herein.

24. The ADA, 42 U.S.C.A. § 12101 et seq., and the Federal Rehabilitation Act, 29 U.S.C.A. § 794, prohibit employment discrimination based on disability or perceived disability in the terms, conditions, promotion opportunities, salary and benefits, and classification of its employees.

25. Gard, is disabled in that his physical impairments substantially limit major life activities including, but not limited to, walking, standing, lifting, bending, and working. In addition, at all relevant times herein, after Gard disclosed his illnesses, P&B perceived that Gard was disabled and that his impairment(s) substantially limited major life activities, including, but not limited to, the major life activities of walking, standing, lifting, bending, and working.

26. Gard is a qualified person with a disability who was able to perform the essential functions of his job with reasonable accommodation. In addition, Gard was at all relevant times herein perceived by the P&B to be a disabled person.

27. P&B failed to make reasonable accommodations which would have enabled Gard to perform his existing job.

28. The intentional discriminatory employment practices to which Gard, was subjected include, but are not limited to, the following: (a) discriminating against Gard in terms of work conditions; (b) negative performance evaluation; (c) unwarranted disciplinary action; (d) involuntary leave; (e) failure to respond to accommodation requests or, in the alternative, only granting accommodation requests on a limited basis; and (f) discriminating against Gard by terminating his employment.

29. As a responsible cause of the P&B's discriminatory actions, Gard has suffered lost wages, emotional distress, compensatory damages, and has incurred attorney's fees and costs.

### COUNT II — Retaliation in Violation of the ADA and the Federal Rehabilitation Act

30. Gard hereby incorporates Paragraphs 1 through 29 as though fully alleged herein.

31.     In the alternative, Gard asserts the ADA, 42 U.S.C.A. § 12203(a), and the Federal Rehabilitation Act, 29 U.S.C.A. §§ 791 and 794, prohibit retaliation against employees who oppose violations of disability discrimination under the ADA and the Rehabilitation Act of 1973.

32.     Gard engaged in protected activity when, among other things, he protested P&B's refusal to adequately compensate him for the broken hip injury he sustained after a business meeting on P&B property and his subsequent performance evaluation and when he requested reasonable accommodations on multiple occasions. P&B retaliated against Gard for engaging in protected activity by, among other things, giving Gard a negative performance evaluation, threatening disciplinary action, insisting that Gard take short-term disability leave, and terminating Gard's employment.

33.     P&B retaliated against Gard with malice and/or reckless indifference to Gard's federally protected rights.

34.     As a responsible cause of the P&B's retaliatory actions, Gard has suffered lost wages, emotional distress and compensatory damages and has incurred attorney's fees and costs.

### COUNT III – Wrongful Discharge in Violation of Public Policy

35.     Gard hereby incorporates Paragraphs 1 through 34 as though fully alleged herein.

36.     In the alternative, Gard asserts that the ADA, 42 U.S.C.A. § 12101 et seq., the Rehabilitation Act of 1973, 29 U.S.C.A. § 794 et seq., and the Indiana Civil Rights Act, I.C. § 22-9-1-2, et seq. constitute the public policy of the State of Indiana by prohibiting disability discrimination and retaliation against employees who complain about discrimination, request a reasonable accommodation or engage in other forms of protected activity. These statutes also prohibit discrimination against an individual based on the employer's perception that he is disabled.

37.     P&B's termination of Gard violated the public policy of the State of Indiana as described above. P&B's actions were willful, wanton, and in reckless disregard of Gard's rights and feelings.

38.     Gard has suffered substantial and continuing economic and emotional injuries as a result of his wrongful termination of employment by P&B.

### COUNT IV — Wrongful Discharge in Violation of ADEA AND IADA

39. Gard hereby incorporates Paragraphs 1 through 38 as though fully alleged herein.

40. In the alternative, Gard asserts he was terminated on account of his age, 55, (d/o/b: 2-12-1955) in violation of the ADEA, 29 U.S.C.A. §§ 623(a), 630(b) and the IADA, I.C. § 22-9-2-2

41. When Gard was terminated, he was told he was too old to perform his job.

42. In any event, the subsequently claimed reasons P&B terminated Gard's employment were a pre-text to simply get rid of him on account of his age or for the other unlawful reasons set in this Complaint.

### COUNT V — Wrongful Discharge in Violation of FMLA

43. Gard hereby incorporates Paragraphs 1 through 42 as though fully alleged herein.

44. In the alternative, Gard asserts that his discharge was in violation of the FMLA, 29 U.S.C.A. § 2617(a)(2) and that he was entitled to leave and reinstatement to his position upon his return.

45. Gard's termination from employment constitutes unlawful interference and/or retaliation under the FMLA.

### V. PRAYER FOR RELIEF

WHEREFORE, Gard respectfully requests that this Court enter judgment in his favor and against P&B and award:

(a) Injunctive and declaratory relief;

(b) Damages in such an amount as shall be proven at trial for back pay and front pay, including damages associated with lost benefits, wages, promotions, tenure, seniority, and other employment opportunities;

(c) Compensatory damages, including for emotional distress, as allowed by law;

(d) Punitive and exemplary damages as allowed by law;

(e) Attorney's fees and costs as provided for by law; and

(f) Pre- and post-judgment interest, costs, expert witness fees and such other relief as the Court deems proper.

Respectfully submitted,

*Nathaniel O. Hubley*

Nathaniel O. Hubley (28609-64)
1022 Rochester Lane
Fort Wayne, IN 46819
(260) 519-0631
Attorney for Plaintiff

## AFFIRMATION OF PLAINTIFF

I, Robert C. Gard, have reviewed the contents of this Complaint and affirm under the penalties of perjury that they are true and accurate to the best of my knowledge and belief.

_1-10-11_                                   _Robert C. Gard_

Date                                           Robert C. Gard

## JURY DEMAND

Plaintiff Robert C. Gard hereby requests a jury trial on all issues so triable.

*Nathaniel O. Hubley*

Nathaniel O. Hubley (28609-64)
Attorney for Plaintiff

## PRAECIPE FOR SERVICE

Please cause summons and a copy of the Complaint to be served upon Defendant at the addresses provided above, via Certified Mail, Return Receipt Requested.

*[signature]*

Nathaniel O. Hubley (28609-64)
Attorney for Plaintiff