UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Robert C. Gard ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 1:11-CV-061 |
| ) | |
| P&B Trucking, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## AMENDED COMPLAINT

Plaintiff, Robert C. Gard ("Gard"), by counsel, for his Amended Complaint against Defendant, P&B Trucking, Inc. (hereinafter "P&B"), alleges the following:

### I. INTRODUCTION

1.  This is an action brought by Gard against P&B for wrongful termination from employment. Gard worked for P&B as the Director of Information and Technology. Gard was hired on or about May 5, 2008 and was terminated on or about January 4, 2010. Gard's work record was satisfactory. In August 2008, Gard sustained a broken hip on the premises of the owners of P&B. In April 2009, he was released to return to work. Gard sought reimbursement for his injuries and ultimately had to file suit against P&B because they refused to adequately compensate him for the injury he sustained on P&B's property. Gard intended to file a claim for worker's compensation benefits, but his counsel at the time elected to file a negligence claim against P&B. Gard continued his employment with P&B while litigation for his broke hip remained pending. Subsequently, in December 2009, Gard discovered he had colon cancer which required surgery. Gard promptly reported his condition to P&B and requested reasonable accommodations and other considerations. Initially, P&B said it would accommodate Gard. However, on January 4, 2010, two days before Gard's surgery, P&B called Gard into the office and terminated Gard's employment. Gard maintains he is a "disabled person" under the terms of the Americans with Disabilities Act ("ADA"). In addition, at all times relevant herein, P&B perceived that Gard was a disabled person under the ADA. Gard made requests for accommodation of his perceived disabilities,

1

which were ultimately ignored. Gard was terminated only a couple of weeks after P&B essentially ignored his last request for a reasonable accommodation.

Gard contacted the Equal Employment Opportunity Commission ("EEOC") and the EEOC conducted an investigation into P&B's conduct. On November 30, 2010, Gard received a right to sue letter. (A copy of the EEOC Right to Sue letter is attached hereto as Exhibit "A".)

Gard is bringing this claim alleging wrongful termination in violation of the ADA and violation of the Age Discrimination in Employment Act ("ADEA"). Gard seeks all appropriate legal and equitable relieve including back pay, front pay, damages for the loss of fringe benefits, compensatory damages, punitive damages and attorney's fees.

## II. PARTIES

2. Gard is an individual citizen and resident of Fort Wayne, Allen County, Indiana.

3. P&B is a corporation organized and existing under and by virtue of the laws of the State of Indiana with its principle place of business in Decatur, Adams County, Indiana.

## III. JURISDICTION AND VENUE

4. Jurisdiction is proper in this judicial district because Gard alleges violations of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101 et seq.

5. Venue is proper in this judicial district pursuant to 28 U.S.C.A. § 1391(b). A substantial part of the events or omissions giving rise to Gard's claims occurred within the jurisdiction of the United States District Court for the Northern District of Indiana.

6. Gard has complied with all administrative, jurisdictional and legal prerequisites to the filing of this action. Gard has filed a charge of discrimination with the EEOC alleging wrongful termination, and has received notice of his right to sue which has been attached as Exhibit "A".

## IV. FACTS

7. Gard hereby incorporates Paragraphs 1 through 6 as though fully alleged herein.

8. Gard was employed by P&B as the Director of Information Technology from May 5, 2008, until his termination on January 4, 2010.

9. In August 2008, Gard broke his hip after sustaining a fall after a business meeting on P&B's property. Gard believed that the injury was work-related and intended to file a claim for worker's compensation benefits, but his then counsel, elected to file a negligence claim against the owners of P&B.

10. In the meantime, Gard returned to work at P&B and performed his work in a satisfactorily manner. Gard had excused absences, primarily due to doctor appointments. Gard was able to stay current with his job duties and was able to perform work from home since some of his job duties could be performed via remote access.

11. In December, 2009, Gard was diagnosed with colon cancer.

12. On or about December 15, 2009, Gard informed his supervisors and the owners of P&B, Pam and Bob Knous of the diagnosis.

13. Gard requested reasonable accommodation because his colon cancer required treatment, including surgery.

14. Gard continued to work leading up to the surgery for his cancer. Gard did have excused absences primarily due to doctor appointments, and disability-related sickness.

15. Gard's colon cancer and required treatment resulted in a somewhat unpredictable work schedule, but Gard performed all work in a satisfactory manner as assigned.

16. After Gard had informed P&B of his diagnosis of colon cancer and his need for reasonable accommodation, P&B assured him he would be accommodated.

17. Subsequently, on January 4, 2010, P&B called Gard into the office and informed him that he was being terminated. Gard maintains that the owner, Pam Knous, informed Gard that he was no longer able to perform his job adequately. P&B

insisted that Gard sign a notarized termination agreement. When Gard refused to sign said agreement and attempted to leave the office he was stopped at the door and told to sit back down. Gard never signed the agreement.

18. Gard was terminated two days before his surgery.

19. Considering the nature of his job duties, i.e., information technology related tasks, Gard maintains that he did, and could have continued to have satisfactorily completed his job duties despite his impairments, i.e. colon cancer, and hip-related problems and/or perceived disabilities.

## V. STATEMENT OF CLAIMS

### COUNT I – ADA VIOLATIONS

20. Gard hereby incorporates Paragraphs 1 through 19 as though fully alleged herein.

21. Gard maintains that he was terminated in violation of the ADA in that he was perceived as disabled by P&B and further that P&B did not engage in any type of interactive process to attempt to reasonably accommodate any disability he had or which they perceived he had.

### COUNT II – ADEA VIOLATIONS

22. Gard hereby incorporates Paragraphs 1 through 21 as though fully alleged herein.

23. Additionally, Gard asserts he was terminated on account of his age, 56, (d/o/b: 2-12-1955) in violation of the ADEA, 28 U.S.C. § 1331.

24. The reason given to Gard for his termination was a pre-text to simply get rid of him on account of his age or for the other unlawful reasons set forth in this Complaint.

## VI. PRAYER FOR RELIEF

WHEREFORE, Gard respectfully requests that this Court enter judgment in his favor and against P&B and award:

(a) An order of the Court granting judgment in his favor;

4

(b) An award of damages sufficient to compensate him for his losses including, but not limited to the following:

   a. back pay;

   b. front pay;

   c. liquidated damages, if appropriate;

   d. compensatory damages to compensate him for his embarrassment, humiliation, and emotional distress;

   e. punitive damages, if appropriate;

(c) Pre-judgment interest;

(d) Costs of this action;

(e) Reasonable attorney's fees;

(f) Any and all other relief appropriate and just under the circumstances.

## AFFIRMATION OF PLAINTIFF

I, Robert C. Gard, have reviewed the contents of this Amended Complaint and affirm under the penalties of perjury that they are true and accurate to the best of my knowledge and belief.

10/3/2011
Date

Robert C. Gard

## DEMAND FOR JURY TRIAL

Plaintiff, Robert C. Gard, by counsel, hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

*[signature]*

Nathaniel O. Hubley (28609-64)
810 S. Calhoun Street, Suite 200
Fort Wayne, IN 46802
Attorney for Plaintiff